Argued April 3, decided April 16, rehearing denied June 4, 1912.

## HALL *v.* DARTT.

[122 Pac. 898.]

PLEADING—GENERAL DENIAL—EFFECT.

1. In an action to foreclose a laborer's lien, the plaintiff alleged that defendants had or claimed some interest in the land, and the defendants answered with a general denial. *Held* that, under Section 73, L. O. L., providing that the answer shall contain a general or specific denial of each material allegation controverted by defendant, and that nothing

Sig. 4

can be proved under a general denial that cannot be proved under a specific denial, defendants' general denial precluded them from proving any title to the premises.

JUDGMENT—MODIFICATION—DISCRETION OF TRIAL COURT.

2. It is within the discretion of the trial court to modify its decrees at any time during the term at which they were rendered.

From Hood River: WILLIAM L. BRADSHAW, Judge.

. Statement by MR. JUSTICE MCBRIDE.

This is a suit by J. E. Hall, Jr., against George B. Dartt, N. B. Jordan and Mary P. Jordan, Humphrey Barton and Lillian Barton, and the Butler Banking Company, and was brought to foreclose a laborer's lien, incurred in clearing a tract of land in Hood River County.

The complaint alleges that the labor was performed at the instance and request of defendant Dartt, who was then in possession of the land with authority to employ laborers to clear the same; that N. B. and Mary P. Jordan were the owners of the land; that plaintiff performed the labor with their knowledge and consent; that defendants N. B. and Mary P. Jordan, Humphrey and Lillian Barton, and the Butler Banking Company have, or claim to have, some interest in the premises, but that whatever interest they have is subordinate to plaintiff's lien, and plaintiff asks that they set it up, or be forever barred from asserting the same. There was a prayer for judgment against Dartt and for a decree foreclosing the lien. All the defendants, except the Butler Banking Company, were served by publication of summons. The latter defendant was actually served, but made default, as also did defendant Dartt. The Jordans and Bartons appeared and filed a general denial to all the allegations of the complaint.

On July 5, 1910, plaintiff served upon defendants' attorney and filed a motion, setting forth that it appeared by their answer that N. B. and Mary P. Jordan are not

the owners of the property; and, further, that neither N. B. Jordan, Mary P. Jordan, Humphrey Barton, nor Lillian Barton have, or claim to have, any interest therein, adverse to plaintiff, which facts plaintiff in his motion expressly confessed and admitted. He therefore moved to dismiss the suit as to these defendants and for a decree as to the others. On July 11, 1910, the motion was allowed, and a decree of foreclosure was entered. On January 21, 1911, the attorney for defendants Jordans and Bartons filed a motion to set aside the decree, and supported the same by an affidavit, setting forth that the defendant Humphrey Barton was the owner of the premises, which motion was overruled; but the court modified the decree as to attorney's fees, reducing the amount from $200 to $75. Defendants appeal from the order refusing to open the decree, and plaintiff appeals from the order reducing the amount of attorney's fees.                              AFFIRMED.

For appellants there was a brief over the names of *Mr. John Leland Henderson* and *Messrs. Lundburg & Crum,* with an oral argument by *Mr. Virgil A. Crum.*

For respondent there was a brief and an oral argument by *Mr. Ernest C. Smith.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The effect of the answer of defendants was to deny the ownership of the land or any claim therein adverse to plaintiff. Section 73, L. O. L., provides that the answer shall contain "a general or specific denial of each material allegation of the complaint controverted by the defendant or of any knowledge or information thereof sufficient to form a belief; provided, however, that nothing can be proved under a general denial that cannot be proved under a specific denial of the same allegations." Whatever may be the holding in other states, under their

peculiar practice, we hold that in this State a general denial raises the same issues which would be raised by a specific denial. Tested by this, defendants pleaded themselves out of court. If they had no interest in the subject-matter and no claim adverse to plaintiff, the question as to whether plaintiff had a valid lien against the property was not one which they had any right to litigate. Had the case gone to trial, plaintiff could not have introduced testimony to prove they had an interest, because their denial of that allegation cleared the path between him and the property. Had they attempted to litigate the question as to the validity of the lien, the court could well have said:

"As you disclaim any interest in the property, its ultimate disposition does not concern you."

The defendants, by their answer, disclaim any ownership or interest in the property, and plaintiff, taking them at their word, dismissed them. No answer alleging ownership was tendered with the affidavit and motion to reopen the case. The defendants merely sought to be allowed to try the case on the question of ownership upon the original answer, denying ownership. But even had a new answer been tendered, setting forth the adverse ownership of defendant Barton, it was still within the discretion of the court to refuse to set aside its decree. If the verified answer originally filed was true, the affidavit, setting up Barton's ownership, was false. A party should not be permitted to blow hot and cold with the same breath; and the court was justified in refusing to reopen the case.

2. Defendants have no standing in court entitling them to question the decree; and whether it was void or voidable cannot be raised by them in this proceeding. As to the cross-appeal, it is always within the discretion of the court to modify its decrees within the term; and the

original allowance of $200 as attorney's fees was mani-
festly excessive.   The modification of the amount to $75
is approved.

The decree of the circuit court is wholly affirmed; but,
as plaintiff has prevailed upon the appeal of defendants,
and has been defeated in his cross-appeal, neither party
will recover costs in this court.

AFFIRMED: REHEARING DENIED.

---

Argued April 4, decided April 23, rehearing denied June 4, 1912.